IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY COOPER, | ) | C.A. No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Jury Trial Demanded |
| | ) | |
| CHIPPEWA TOWNSHIP; and | ) | |
| CLINT BERCHTOLD | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

## **COMPLAINT IN CIVIL ACTION**

AND NOW COMES Plaintiff TIFFANY COOPER, by and through her attorney, MARGARET S. COLEMAN and the LAW OFFICES OF TIMOTHY P. O'BRIEN and submits the following Complaint in Civil Action, and in support thereof avers as follows:

I)      INTRODUCTION

1.      This Complaint alleges that Defendants Chippewa Township and its Chief of Police Clint Berchtold violated Plaintiff Tiffany Cooper's statutory and constitutional right to be free from discrimination based on her sex and her pregnancy when she was passed over for promotion in favor of less-qualified men.

II)      JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 28 USC §§ 451, 1331, 1343 and 1345, and upon the doctrine of pendant and/or supplemental jurisdiction over any state law claims.

3.      All of the violations of Plaintiff's rights alleged herein occurred within the Western District of Pennsylvania. Venue is, therefore, properly in the Western District of Pennsylvania under 28 USC section 1291(B).

III)   PARTIES

4.      Plaintiff Tiffany Cooper is an adult individual who resides in Beaver County, Pennsylvania.

5.      Defendant, Chippewa Township, is a township located in the Commonwealth of Pennsylvania.

6.      At all times relevant hereto, the Defendant Chippewa Township was an "employer" as that term has been defined by the applicable statutes and acted by and through its duly authorized agents, assignees and/or employees, who were then and there acting within the course and scope of their employment.

7.      Defendant Clint Berchtold is an adult individual who, on information and belief, resides in Beaver County.  At all times relevant hereto, Defendant Berchtold was employed as Chief of the Chippewa Township Police Department and was, with respect to the events alleged herein, acting under color of state law and in accordance with the custom, practices and/or policies of Chippewa Township. He is sued in his individual and official capacities.

IV)   FACTS

8.      Plaintiff, Tiffany Cooper, was hired by Defendant to work as a part time police officer for the Chippewa Township Police Department in 2008.

9.      Ms. Cooper intends to pursue law enforcement as a long-term career.

10.     Ms. Cooper has never received any reprimands or disciplinary action as a police officer at Chippewa Township and, while the Township does not conduct regular performance reviews of its officers, she has never been informed that her performance was anything other than acceptable.

11.     In November of 2014 Ms. Cooper took maternity leave after the birth of her child. She returned to work in March of 2015.

12.     Upon Ms. Cooper's return to work after her maternity leave, Defendant Berchtold drastically reduced her hours and gave her a less desirable assignment. Specifically, her hours were reduced to one day a week and she was assigned to "fill in" for other officers on an as needed basis.

13.     In March of 2016, a 39 hour per week position with regular hours became available.

14.     Ms. Cooper requested to be promoted into the 39 hour-per-week position.

15.     Ms. Cooper was not promoted into the 39 hour-per-week position.  Officer John Lutton, a male officer with less seniority and experience, was given the position instead.

16.     When questioned by Ms. Cooper about the decision, Defendant Berchtold told her that she would "never make full time."

17.     In early September 2016 Berchtold posted a memo requesting the names of part-time officers who were interested in a full-time position.  The only qualification for the position was that the candidate be a current part-time officer with Defendant Chippewa Township. Ms. Cooper added her name to the list.

18.    Ms. Cooper informed Berchtold that she had again become pregnant but that she was still interested the full-time position.

19.    Ms. Cooper was not hired for the full -time position.  Officer Jake Delmonico, a male officer with only three years of service as a Chippewa Township police officer, was hired instead.

20.    Ms. Cooper was more qualified than the successful candidate in that she had five more years of experience and seniority as a Chippewa Township Police Officer.

21.    Mr. Delmonico is a college student studying education who plans to become a full-time teacher upon graduation.  Defendants have regularly adjusted his schedule to accommodate his education needs, including completely removing him from the schedule for extended periods of time prior to his promotion.  Other than maternity leave, Ms. Cooper has never requested extended absences.

22.    In or about February of 2017, while Ms. Cooper was on maternity leave, another full-time position became available.

23.    This position's shifts were filled by a part time officer for several weeks.

24.    Ms Cooper notified Defendant Chippewa that she was interested in the position and requested that the Township wait until she returned from maternity leave to fill it permanently.

25.    Approximately four weeks before she returned from maternity leave, Chippewa filled the position with a male officer with less experience and seniority than Ms. Cooper.

26.    Prior to filing this lawsuit, Ms. Cooper exhausted all necessary administrative procedures by filing appropriate charges with the Equal Employment

Opportunity Commission (EEOC) and/or Pennsylvania Human Relations Commission (PHRC).  A copy of the charge of discrimination filed on behalf of Ms. Cooper is attached hereto as Exhibit 1 and made a part hereof.

27.   It has been more than a year since Ms. Cooper filed her Charge of Discrimination with the Pennsylvania Human Relations Commission.

28.   Ms. Cooper has received a "Dismissal and Notice of Rights" from the United States Department of Justice Civil Rights Division with regard to her claims under the Age Discrimination in Employment Act and Title VII to the Civil Rights Act of 1964. A copy of this letter is attached hereto as Exhibit 2 and made a part hereof.

29.   As a result of Defendant Chippewa Township's conduct, as hereinbefore described, Ms. Cooper has been denied her right to be free from sex and/or pregnancy discrimination as protected by the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

30.   As a result of the Conduct of Defendant Chippewa Township and Defendant Berchtold, as hereinbefore described, Ms. Cooper has been denied her right to be free from sex and/or pregnancy discrimination as protected by the Pennsylvania Human Relations Act, 43 P.S. §§ 951, et seq.

31.   As a result of the Conduct of Defendant Chippewa Township and Defendant Berchtold, as hereinbefore described, Ms. Cooper has been denied her right to be free from pregnancy and sex discrimination as protected by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and made actionable against Defendants pursuant to 42 U.S.C. § 1983.

32.     As a result of Defendants' conduct, as hereinbefore described, Ms. Cooper has suffered lost wages, benefits, and other remuneration.

33.     As a result of Defendants' conduct, as hereinbefore described, Ms. Cooper has suffered embarrassment, humiliation, and emotional distress.

34.     Defendants' conduct, as hereinbefore described, was willful, outrageous, and/or performed in reckless disregard of Ms. Cooper's federally protected rights.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in her favor for compensatory and/or punitive damages and award her such other relief as is appropriate and equitable under the circumstances and to award her costs and attorney's fees incident to the successful completion of this litigation.

Respectfully submitted,

/s/ Margaret S. Coleman
PA ID# 200975

Law Office of Timothy P. O'Brien
2103 Investment Building
239 Fourth Avenue
Pittsburgh, PA  15222
(412) 232-4400

Attorney for Plaintiff