IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIFFANY COOPER,

    Plaintiff,

        v.

CHIPPEWA TOWNSHIP *and* CLINT BERCHTOL,

    Defendants.

17cv1464
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court in this employment discrimination case is Defendants' Motion for Summary Judgment ([doc. no. 45](#)) and Brief in Support of same. [Doc. no. 46](#). Plaintiff filed a Response opposing the Motion ([doc. no. 49](#)), making the matter ripe for adjudication.

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010). A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). In reviewing a motion for summary judgment, the Court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007), citing *Anderson*, 477 U.S. at 255.

Because the instant case is an employment discrimination case under Title VII and the Pennsylvania Human Relations Act, the Parties to this action are subject to a three-part burden shifting framework. *Anderson v. Boeing Co.,* 694 Fed. Appx. 84, 86 (3d Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). First, the employee must establish a *prima facie* case of discrimination or retaliation, which, if successful, raises an inference of discrimination or retaliation. *Anderson*, 694 Fed. Appx. at 86. "After a *prima facie* case is established, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action or decision." *Id*. If the employer establishes such a reason, the burden shifts back to the employee to those by a preponderance of the evidence that the employer's proffered reason is pretextual. *Id*.

Turning to the instant matter, Defendants indicated that for purposes of their Motion for Summary Judgment, they would not challenge Plaintiff's *prima facie* case. Defendants then set forth their reasons for declining to place Plaintiff in a full time position. Defendants contended that these reasons were legitimate and nondiscriminatory.

Plaintiff argues that Defendants' reasons were pretextual and that Plaintiff was passed over for a full time position because she was a female part time employee who had taken maternity leave.

The evidence supporting Defendants' and Plaintiff's respective positions largely turns on testimony – primarily the testimony of Chief Berchtold and Mark Taylor on behalf of Defendants who explained during their depositions why Plaintiff was passed over for the full time position. Plaintiff provided her own explanation as to why Defendants' reasons were pretextual and insufficient. Testimony requires a credibility determination, which this Court is not permitted to make under these circumstances. Because the Court finds that the decision to grant or deny

summary judgment in this matter turns on the credibility of the Parties, summary judgment is inappropriate.

AND NOW, this 3rd day of October, 2018, the Court hereby DENIES Defendants' Motion for Summary Judgment.  Doc. no. 45.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All ECF Registered Counsel of Record