IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIFFANY COOPER,

    Plaintiff,                                    17cv1464
                                                              ELECTRONICALLY FILED

    v.

CHIPPEWA TOWNSHIP, CLINT
BERCHTOL, AND MARK TAYLOR,

    Defendants.

**MEMORANDUM ORDER ON MOTIONS IN LIMINE**

**A. PLAINTIFF'S MOTIONS**

    **1. Plaintiff's Motion in Limine to Preclude Officers' Vote (ECF 67)**

In this Motion, Plaintiff seeks to preclude evidence that the full-time officers were asked to vote for the person they wanted to see fill to the full-time position which Plaintiff was denied. Plaintiff claims that this evidence is not relevant and/or that its value as evidence is more prejudicial than probative. Defendants' response is that the evidence is relevant and more probative than prejudicial. The Court agrees that this evidence is admissible finding it: (1) relevant under F.R.E. 401 and (2) more probative than prejudicial under F.R.E. 403.

Under the facts presented in this case, Plaintiff, who worked for Defendant Chippewa Township as a part-time police officer since 2008, brought this lawsuit claiming she was passed over for a full-time position within the police department in 2016, about one year after her return from her first maternity leave. The evidence which forms the basis of this Motion in Limine includes testimony, an email, and other documentation.

Plaintiff argues in her Motion that Defendant Berchtold did not have his full-time police officers rank the candidates for the open full-time position until after he recommended Officer

Lutton for the position, and thus, Defendant Berchtold could not have relied upon this ranking when Defendant Berchtold made his recommendation to the Board of Township Supervisors. Thus, Plaintiffs contend that the officers' candidate ranking is not relevant to Defendant Berchtold's decision to recommend Lutton to the Board.

Defendants' counter-argument is that Defendant Berchtold testified that he relied upon the votes to make his final recommendation to Defendant Taylor as to who should fill the open full-time position.

The Court finds that the evidence at issue – specifically, the testimony of Defendant Berchtold and the documents at ECF 68-1, ECF 107-1, and ECF 107-2 – are indeed relevant to the decision-making process at issue in this litigation. Moreover, the Court finds that dates on the documents will help the Parties establish a timeline for the jury as to what occurred when in the decision-making process, so that the jury, as the fact-finder, can best assess what may or may not have been relied upon during the decision-making process.

Accordingly, Plaintiff's Motion to Preclude this evidence (ECF 67) is DENIED.

**2. Plaintiff's Motion to Preclude Evidence that Plaintiff Failed to Mitigate her Damages (ECF 69)**

Next, Plaintiff argues that Defendants will present evidence to suggest that Plaintiff failed to mitigate her financial losses by refusing to accept two different, 39-hour work week offers which she received from Chippewa Township to cover for officers who were out on sick leave. Plaintiff contends that these two offers were not "substantially equivalent" and therefore, by law, she was not required to accept these positions.

Defendant counters by arguing that Plaintiff had a duty to mitigate her damages. To this end, Defendant also argues that there were "dozens" of full-time police jobs available within 50

miles of Chippewa Township since at least May of 2018 and plans to produce evidence to show that Plaintiff failed to apply for any of these open, full-time positions.

The Court finds that Defendant may present evidence of other police officer jobs within the Chippewa Township police department as well as police officer jobs available within 50 miles of Chippewa Township during the relevant time period in question, and Plaintiff may offer any testimony or evidence to explain why she did not apply for these positions if she, in fact, did not apply. A plaintiff "forfeits [her] right to backpay if [s]he refuses a job substantially equivalent to the one [s]he was denied." *Ford Motor Company v. EEOC,* 458 U.S. 219, 232, (1982) (failure to hire claim); see also, *Lesko v. Clark Publisher Svcs.,* 904 F. Supp. 415, 419-421 (M.D. Pa. 995) (holding same in a failure to promote claim). This evidence and testimony is directly relevant to Plaintiff's backpay damage request.

Next, Plaintiff argues that after her maternity leave, she contacted Defendant Berchtold and he "informed her that he could only offer one shift per week." ECF 51, ¶ 16. Defendant contends that after returning from her maternity leave, "Plaintiff specifically requested to work 1 day per week[.]" ECF 106. The Parties obviously disagree as to who initiated the one day per week request, and thus, any evidence on the matter would assist the trier of fact in assessing the credibility of the Parties and other witnesses. Thus, the Court finds this evidence to be relevant not only with respect to the backpay damages Plaintiff has requested, but also with respect to assessing the credibility of the Parties and witnesses.

Based on the above, the Court finds the evidence Plaintiff seeks to preclude is relevant to Plaintiff's backpay damage claim, and therefore, Plaintiff's Motion to Preclude this evidence (ECF 69) is DENIED.

**3. Plaintiff's Motion to Preclude Evidence Regarding Incidents Involving Tracy Daufin (ECF 72)**

In this Motion in Limine, Plaintiff notes that Defendant Berchtold testified during his deposition about a person named Tracy Daufin and the incidents surrounding this individual. Defendant did not respond to this Motion. Therefore, Plaintiff's Motion to Preclude this evidence (ECF 72) is GRANTED.

**4. Plaintiff's Motion to Preclude Evidence Regarding Complaints about Plaintiff by Other Employees (ECF 73)**

Plaintiff contends that any evidence concerning complaints made by other employees about Plaintiff are not admissible as they are inadmissible hearsay, and/or inadmissible pursuant to F.R.E. 401 and/or F.R.E. 403.

With respect to this Motion, Plaintiff specifically points to Defendant Berchtold's deposition testimony where he recalled an employee, Officer Herczak, allegedly complaining about Plaintiff on two occasions. In addition, Defendant Berchtold testified that Defendant Taylor informed him that Officer Herczak had complained that Plaintiff was immature. Finally, Plaintiff believes that Defendant Berchtold will try to testify that two other employees, Sargent Helper and Carole Dougherty, complained to Defendant Berchtold about Plaintiff's attitude when being asked to respond to calls. ECF 75, p. 3. Plaintiff argues that this testimony is classic hearsay and even double hearsay, and should, therefore, be excluded.

Defendant responds that the evidence Plaintiff seeks to preclude is the core of its defense: namely, how Defendant Berchtold arrived at his decision to hire a male officer for a permanent 39-hour per week position in March of 2016, and/or the full-time position which became open in August of 2016 and February of 2017. Defendant contends that the evidence would not be

offered for the truth of the matters asserted – meaning that Plaintiff had an "attitude,"– but rather, this testimony would be offered to provide the jury with the state of mind of Defendant Berchtold during the relevant time period.

With respect to the relevancy argument, Plaintiffs suggest because Defendant Berchtold did not rely on this evidence in his decision-making process, any testimony along these lines should be excluded as irrelevant. Plaintiff relies on case law from the United States Court of Appeals for the Eleventh Circuit in this regard.

Defendant notes that these cases are not binding on this Court, and further contends that these cases are factually distinguishable from the case at bar, and therefore, not legally on point.

With respect to Plaintiff's hearsay assertions, the Court finds that Defendant may proffer the evidence to show Defendant Berchtold's state of mind at the time he chose other individuals for the 39-hour per week jobs and the full-time position. However, should Defendant want to elicit this testimony, the Court will provide the jury with a limiting instruction. The Court ORDERS the Parties to work together, and file such an instruction on the docket.

In addition, the Court notes that Plaintiff will be permitted to use this same testimony to impeach Defendant Berchtold, as well as Defendant Taylor and Officer Herczak, to establish that Defendant Berchtold did not rely upon such information and/or did not believe such information was truthful.

Next, the Court acknowledges the fact that Defendants' answers to Plaintiff's interrogatories do not specifically state that Defendant Berchtold premised his decisions to select others for the 39-hour per week job and full-time job on his (mis)perceptions about Plaintiff's attitude. However, Defendant Berchtold was asked why he did not choose Plaintiff for the jobs at issue during his deposition, and he provided answers which included him taking into account

5

all of his (mis)perceptions. Defendants further argue that their answer to the interrogatory question addressed the question by explaining why a male person (Delmonico) was chosen for the position instead of Plaintiff, instead of setting forth all of the reasons Plaintiff was not chosen. ECF 108, p. 3-4. Thus, the Court finds that all of this evidence – the interrogatory(ies), the answer(s) to same, the deposition testimony of Defendant Berchtold – all may be used to assist the trier of fact in ascertaining who is, and who is not, credible in this case. Because of what appears to be, at a minimum, conflicting evidence on the issue of Defendant Berchtold's state of mind at the time his decisions were made with respect to filling these three positions, the Court finds that the probative value outweighs any possible prejudicial effect of the evidence.

Finally, Plaintiff contends that she had no idea how others perceived her and because none of the issues raised by other employees were ever made known to her, Plaintiff had no opportunity to address what she would characterize as misperceptions. In addition, the Court concurs with Defendants that Plaintiff's lack of knowledge about how others in the department perceived her and/or her work attitude is of no moment.

Accordingly, Plaintiff's Motion to Preclude this evidence (ECF 73) is DENIED.

**5. Plaintiff's Motion to Preclude or Limit Testimony of James Bouril (ECF 88)**

Plaintiff claims that Defendants should not be permitted to elicit the testimony of James Bouril, Chairman of the Chippewa Township Board of Supervisors, at time of trial. Plaintiff argues that Mr. Bouril should not be allowed to testify because: (1) Defendants did not provide his name as part of their Initial Disclosures (or any supplement) under Fed.R.Civ.P. 26; (2) some of his proffered testimony (concerning Defendant Berchtold's management decisions) would violate F.R.E. 404 in that this testimony would describe the character or character trait(s) of

Defendant Berchtold; (3) it is irrelevant because Defendant "Berchtold [was] the only decisionmaker" in these matters where Plaintiff was not chosen for one of the positions at issue.

Defendants respond to these arguments by noting that first, that in order to obtain a verdict against Defendant Chippewa Township, Plaintiff bears the initial burden of proving that the township – through its supervisors – acted intentionally to discriminate against Plaintiff. Thus, as a named Defendant in this matter, Defendant Chippewa Township must speak through one or more of its supervisors and may choose any of them to speak on its behalf. The Court concurs. Thus, Mr. Bouril will be allowed to testify.

Second, Defendants in their Rule 26 Disclosures identified the Chippewa Township Board of Supervisors as persons who may have discoverable information that Defendant may use to defend itself. ECF 102-1, p. 1-2. Furthermore, Defendants noted in their disclosure that the Chippewa Township Board "may have information regarding the hiring of a full-time police officer." Id., p. 2. There is no question that Defendants met the requirements of Fed.R.Civ.P. 26 in this regard and therefore, Mr. Bouril will be allowed to testify as to his knowledge regarding "the hiring of a full-time police officer."

Third, the Court holds that Mr. Bouril will not be permitted to testify about Defendant Berchtold's character. Indeed, Defendants admit that they have no intention of describing Defendant Berchtold's character through Mr. Bouril's testimony and they will not be permitted to do so in any event. However, Defendants do indicate that Mr. Bouril is knowledgeable about the "types of management decisions the Chief of Police makes regarding scheduling and recommendations for full time positions" as well as whether Defendant Berchtold has ever been accused of discriminatory decision-making. While Mr. Bouril may testify about the former – the types of management decisions made by the chief of police – he cannot testify as to the latter.

Finally, to the extent that Mr. Bouril can testify about his own knowledge related to Plaintiff's work history and performance and how this knowledge played a role in his decision-making process as a Chippewa Township Supervisor, he must be permitted to testify to same. Again, testimony of this sort (both on direct and cross examination) inform the jury as to what Defendant Chippewa Township knew at the time each of the open police officer positions were filled.

Based on the foregoing, Plaintiff's Motion to Preclude this evidence (ECF 88) is DENIED in all respects, except that her Motion to Limit the evidence (ECF 88) is GRANTED in part so as preclude Mr. Bouril form discussing whether Defendant Berchtold has ever been accused of discriminatory decision-making.

**6. Plaintiff's Motion to Limit the Testimony of Defendant Mark Taylor (ECF 90)**

Plaintiff wishes to limit the testimony of Defendant Taylor by precluding him from testifying as to his knowledge of: (1) Plaintiff's employment with the Chippewa Township police department; (2) Plaintiff's beliefs that Defendant Berchtold did not like her and Plaintiff's dissatisfaction with Defendant Berchtold's management decisions; and (3) Defendant Berchtold's management decisions.

Defendants respond by noting that Defendant Taylor was the person who "played a role" in the decision to incorporate full-time officer voting in the full-time police officer hiring process and who transmitted Defendant Berchtold's recommendation(s) for hiring to the Township Board of Supervisors. Defendant Taylor also was part of discussions which led to decisions as to whether the Township Board of Supervisors would "be approached regarding the hiring of additional officers." ECF 101. Thus, Defendant's testimony with respect to "(1)" above,

8

Plaintiff's employment with the Chippewa Township police department, is relevant, and will be permitted.

Next, Defendants anticipate that Plaintiff will argue during trial that Defendant Berchtold did not like her and that she will further testify that she spoke to Defendant Taylor about the dislike she thought Defendant Berchtold had toward her. As a result of this anticipated testimony, should Plaintiff open the door as Defendants expect her to do, Defendant Taylor can offer his own testimony to refute hers.

Finally, Defendants suggest that Defendant Taylor can testify – to the extent that he knows firsthand – about the decisions made by Defendant Berchtold "and the circumstances surrounding those decisions." To the extent that Defendant Taylor confines his testimony to what was factually occurring at the time points in question and does not testify as to the "state of Defendant Berchtold's mind," at the time the relevant hiring decisions were being made, the Court will allow him to testify.

Accordingly, the Court GRANTS IN PART and DENIES IN PART the Motion to Limit Defendant Taylor's testimony (ECF 90) as described in detail above.

**B. DEFENDANTS' MOTIONS**

**1. Defendants' Motion to Preclude or Limit Testimony Regarding Chippewa Township Hiring Procedures prior to 2016 (ECF 65)**

In this Motion, Defendants note that Plaintiff plans to present testimony on Defendant Chippewa Township's hiring procedures. Those who will testify on behalf of Plaintiff in this regard include: (1) Plaintiff, (2) Jacob Delmonico, (3) Richelle Herczak, (4) Anthony Quinn, (5) Sonya DiGiorno, and (6) Steven Ivan.

Plaintiff responds by first noting that Defendant Berchtold testified during his deposition that prior to 2016 he "would offer an available 39[-] hour per week or full-time position to the most senior part[time] officer who wanted it. . . . Thus the actual procedures used are not in dispute."

Thus, the Court finds that there is no reason to have multiple persons testify to a procedure that is not in dispute – specifically, the very hiring procedure – when the purported decision-maker/recommender, Defendant Berchtold, has admitted to that which Plaintiff would normally have to prove. Accordingly, the testimony of Defendant Berchtold is all that is needed to establish what the hiring procedure was prior to 2016.

However, Plaintiff claims that she should be allowed to explain to the jury what her personal understanding of this above-quoted procedure was. The Court agrees with Plaintiff that she is certainly allowed to express her belief as to her understanding of the pre-2016 policy.

In addition, Plaintiff notes that there are two types of positions at issue: a 39-hour per week position (and she claims there were four of these positions which were available to her from her date of hire up through 2016); and a full-time position (only one of which was available to her through 2016). Although Plaintiff does not dispute that she (and possibly officer DiGiorno) had firsthand knowledge regarding the hiring procedure for the full-time position, other individuals on her witness list may have firsthand knowledge regarding the hiring procedure for the 39-hour per week position.

The Court therefore rules as follows: Defendants' Motion to Limit the Testimony regarding Chippewa Township Hiring Procedures prior to 2016 (ECF 65) is GRANTED IN PART and DENIED IN PART. It is granted in that only Defendant Berchtold can testify as to the actual hiring policy for full-time employees up to and including year 2016. However,

Plaintiff is permitted to explain to the jury what her personal understanding of this policy was. To the extent that the hiring policy of 39-hour per week employees differed from the hiring policy of full-time employees (through year 2016), other witnesses who possess first-hand knowledge of that hiring policy/procedure will be permitted to testify, and Plaintiff may provide the jury with her understanding of that hiring policy/procedure.

### 2. Defendants' Motion to Preclude Plaintiff from Testifying Defendant Berchtold Created a Memo Tracking Plaintiff's Availability (ECF 71)

In this Motion, Defendants indicate that they anticipate that Plaintiff will argue and present evidence to suggest that Defendant Berchtold created a document to track her availability to accept work shifts. Defendants argue that Plaintiff plans to present this tracking evidence in support of her contention that Defendant Berchtold only prepared this sort of document in the event that he anticipated having to "take action" with respect to the person who was referenced in the document. Defendants essentially claim that the evidence would be more prejudicial than probative in violation of F.R.E. 404.

Plaintiff responds by arguing that her presentation of the evidence concerning the document and Defendant Berchtold's reason for creating such a document is not a mischaracterization of this evidence.

The Court agrees with Plaintiff and notes that Defendants point out in their Brief in Support of this Motion that Plaintiff never asked Defendant Berchtold specifically why he created (and continued to generate) a document related to her time off. Defendants can certainly ask this question at time of trial which would (theoretically) explain why he prepared and maintained such a document about Plaintiff's time off. His testimony will either negate any prejudicial inference a jury may draw, or it will support Plaintiff's theory. Moreover, as the Court expressed above in relation to some of Plaintiff's Motions in Limine, the jury, serving as

11

the fact finder, will need to assess the credibility of the Parties and other witnesses, and this document along with Defendant Berchtold's testimony surrounding it will assist them in doing so.

Accordingly, Defendants' Motion to Preclude Plaintiff's Testimony on this matter (ECF 71) is DENIED.

**3. Defendants' Motion to Preclude Plaintiff from Presenting Evidence Regarding the Investigation of and Circumstances Surrounding Officer Lutton's Resignation (ECF 76)**

In this Motion, Defendants indicate that they anticipate that Plaintiff will want to present evidence surrounding the criminal investigation of and circumstances surrounding Officer Lutton's resignation. The basis for this motion is that the evidence is not relevant under F.R.E. 401 and is more prejudicial than probative under F.R.E. 404. Plaintiff did not file a Response to this Motion.

The Court concurs with Defendants that any evidence surrounding the investigation of Defendant Lutton and his resignation are not relevant to the issues presented in this case and any such evidence will be precluded. Accordingly, this Motion to Preclude Evidence (ECF 76) is GRANTED.

**4. Defendants' Motion to Preclude Assistant Chief Hermick's Testimony Regarding an Alleged 2018 Open, Full-Time Position (ECF 78)**

In this Motion, Defendants argue that Plaintiff's retaliation claim is based solely upon Assistant Chief Hermick's "stray remarks" about not filling an open full-time position due to the instant litigation. ECF 78. Per Defendants, Assistant Chief Hermick made the remarks based "upon his own assumption and experience from working as a Commander with the Pennsylvania State Police . . . . [Hermick] has never spoken about this with Mark Taylor or Chief Berchtold or vice versa . . . [and] the financial decision regarding hiring another full-time officer rests with the

Board of Supervisors, not Hermick . . . [and Hermick] does not have decision making authority for the Chippewa Township Police Department and only makes recommendations for promotions and assists with the creation of the budget." ECF 79, p. 2.

Plaintiff, in her response, argues that Assistant Chief Hermick is a decision-maker and his comments are, therefore, not stray remarks. Plaintiff contends that the evidence in question here, including Assistant Chief Hermick's written job description for his role as assistant chief of police, suggests that Assistant Chief Hermick was, in fact a decision-maker and thus, his comments cannot be construed as "stray remarks."

It appears as though the Parties agree that Assistant Chief Hermick made comments relating to the 2018 open, full-time position. But the question of fact a jury must decide is whether Assistant Chief Hermick was a decision-maker with respect to the 2018 job at the time he made those comments. For this reason, the Court finds the evidence in question probative on the decision-maker issue.

Moreover, the Court finds that Assistant Chief Hermick's comments, even if they are "stray remarks," can provide the jury with circumstantial evidence of retaliatory intent. See, *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 368 (3d Cir.), *order clarified,* 543 F.3d 178 (3d Cir. 2008) ("[W]e held in *Ezold* that stray remarks by decision-makers, which were unrelated to the decision-making process, are rarely to be given weight, particularly if they are made temporally remote from the date of the decision. . . [h]owever, we later explained that such remarks could provide background evidence that may be critical to a jury's determination of whether the decision-maker was more likely than not acting out of a discriminatory motive. *Antol v. Perry*, 82 F.3d 1291, 1302 (3d Cir.1996)."). The Court finds that based on the case law referenced herein, the probative value outweighs the prejudicial effect it may have.

Because the Court finds that the probative value of this evidence outweighs it prejudicial potential, this Motion to Preclude Evidence (ECF 78) is DENIED.

**5. Defendants' Motion to Preclude Evidence that Officer Herczak was Hired to Full-Time at Less Favorable Terms than Male Officers (ECF 80)**

Defendants anticipate that Plaintiff will offer evidence suggesting that another female employee, Officer Herczak, was hired to a full-time position with the Chippewa Township Police Department, but with less favorable terms then male officers. Defendants argue that there is no evidence to support this claim, and further contend that this claim – even if true – would be irrelevant.

Plaintiff did not respond to this Motion. The Court concurs with Defendant that the evidence at issue here is not relevant in this case and will not assist the trier of fact determine the ultimate issues in Plaintiff's case-in-chief.

Accordingly, this Motion to Preclude Evidence (ECF 80) is GRANTED.

**6. Defendants' Motion to Preclude Evidence of Plaintiff's Pregnancy Complications and Seniority Grievance (ECF 82)**

Defendants anticipate that Plaintiff will offer evidence about her 2013 miscarriage and her 2015 seniority grievance. Defendants contend that Plaintiff failed to raise either of these incidents in her Second Amended Complaint (ECF 43), that this evidence is irrelevant to Plaintiff's claims in this matter, and thatthe grievance was addressed and the seniority list was corrected on the same day. The Defendants further argue that the miscarriage event from 2013 and the seniority grievance from 2015 are time-barred as they are outside the time constraints of the Pennsylvania Human Relations Act (180 days) and the Equal Employment Opportunity Act (300 days).

In response to this Motion, Plaintiff argues that in her PHRA complaint, she alleged that in November of 2013, she suffered a miscarriage, and when she attempted to call off work the following day Defendant Berchtold told her she was "costing the Township too much money." Plaintiff contends that Defendant Berchtold's statement to her, when coupled with evidence that he did not admonish other police officers who called off on holidays illustrates Defendant Berchtold's negative attitude toward pregnancy-related leave requests. ECF 97.

The Court finds that Plaintiff's claims at bar focus on the actions and inactions taken after March of 2016 upon Plaintiff's return to work from her first maternity leave. Thus, the Court finds that the November of 2013 incident is too far removed and too tenuously related to what Plaintiff must prove in this case.

However, with respect to Plaintiff's 2015 seniority grievance, the Court finds that this evidence is relevant as all of the Parties concur that seniority was a consideration during the decision-making process with respect to the full-time and 39-hour per week jobs that became available and which are directly at issue in this litigation. Therefore, this is evidence is relevant.

Accordingly, this Motion to Preclude Evidence (ECF 82) is GRANTED IN PART and DENIED IN PART. The Court GRANTS the Motion so as to preclude the evidence pertaining to Plaintiff's 2013 miscarriage but DENIES the Motion so as to allow evidence to be presented surrounding Plaintiff's 2015 seniority grievance.

**7. Defendants' Motion to Preclude Evidence of Leave Policies (ECF 84)**

Defendants anticipate that Plaintiff will want to testify or present other evidence of Defendant Chippewa Township's leave policy. Defendants oppose any testimony or other evidence as to a "leave policy," because the "written leave policy" only pertained to full-time

15

employees – and Plaintiff has never been a full-time employee, so the "leave policy" did not pertain to her.

Plaintiff disagrees, suggesting there was an "informal" leave policy, one which Defendants allude to in their brief when they note that "part-time officers could request to not be scheduled for any shifts for various reasons, such as birth and care of a child or lack of availability due to other work commitments." ECF 96, p. 2. It appears as though the Parties agree that Defendant Berchtold honored Plaintiff's request to not be scheduled for a period of a few months when she had her first baby. Defendants do not want the moniker "maternity leave" attached to Plaintiff's time off, because this connotes that Defendants had a written policy for it part-time employees. The Defendants point out that this evidence could confuse the jury who will not be presented with a written maternity leave policy.

The Court will GRANT IN PART and DENY in PART this Motion (ECF 84). The Court will GRANT the Motion to the extent that Plaintiff will be precluded from presenting evidence that would suggest any formal, written leave policy existed and was applied to Plaintiff. The Motion is DENIED with respect to any evidence Plaintiff would like adduce to show that the she was allegedly treated less favorably than male police officers who requested to not be scheduled for a certain time period.

**8. Defendants' Motion to Preclude Evidence by Non-Decision Makers of Officer Qualifications or Work Performance Following the Full-Time Hires (ECF 86)**

Defendants anticipate that Plaintiff will testify or attempt present evidence regarding the qualifications and work performance of Officers Lutton, Delmonico, and Plaintiff. Defendants argue that the only person who can testify as to the qualifications and work performance of Officers Lutton, Delmonico, and Plaintiff is Defendant Berchtold, because he was the only individual who made recommendations to the Board of Supervisors.

Plaintiff agrees up to a point. Plaintiff argues that the all of the documents within Plaintiff's personnel file were either drafted or received by Defendant Berchtold. Similarly, Plaintiff argues that the personnel files for the other officers were in Defendant Berchtold's custody and control. Plaintiffs contend the documents in these personnel files are relevant to the officers' qualifications for the positions that Plaintiff did not obtain. Plaintiff further argues that the information in these personnel file documents should be imputed to Defendant Berchtold as the custodian of these files and as the decision-maker who determined who would be recommended to fill the open 39-hour per week and full-time positions at issue in this case.

In addition to the documents, Defendants purportedly want to exclude the testimony of other officers who had complaints about the individuals who were recommended for the relevant job positions at issue. Plaintiff notes that "although they did not express these complaints directly to [Defendant] Berchtold, they expressed them openly and regularly in the police station . . . ." ECF 99.

The Court will GRANT IN PART and DENY in PART this Motion (ECF 86). The Court GRANTS this Motion to preclude testimony from the other officers (*i.e.,* non-decision makers) which was not communicated directly to Defendant Berchtold about the individuals who were awarded the relevant job positions at issue. The Court DENIES this Motion so as to allow the documents in the individual personnel files to be used at time of trial. However, knowledge of the documents' contents may not be deemed to be "imputed" to Defendant Berchtold; rather, the content of these documents are only relevant to the inquiry if Defendant Berchtold relied upon them as part of his decision-making process. Similarly, the content is relevant if Defendant Berchtold did not rely upon them as part of his decision-making process. It is up to the jury to ascertain whether and when Defendant Berchtold knew something about a candidate and whether

his review or failure to review the contents of a personnel file makes it more or less likely that he is liable for the alleged discrimination.

SO ORDERED, this 16th day of November, 2018

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: All ECF Registered Counsel of Record