IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIFFANY COOPER,

      Plaintiff,                             17cv1464
                                                  ELECTRONICALLY FILED

          v.

CHIPPEWA TOWNSHIP, CLINT
BERCHTOL, AND MARK TAYLOR,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are two additional Motions in Limine, both of which were filed by Plaintiff. ECF 115 and ECF 123. Defendants responded to each Motion. ECF 118 and ECF 127. The Court will address each Motion below.

**1.**    **Plaintiff's Motion to Preclude Defendants from Offering Evidence or Argument that Plaintiff Failed to Mitigate Her Damages by Failing to Work Additional Part-Time Shifts (ECF 115)**

Plaintiff contends that Defendants are not permitted to introduce evidence or argument that she failed to mitigate her damages by refusing to work additional part-time shifts because these shifts are not "substantially equivalent" to the 39-hour per week and full-time positions she was allegedly denied by Defendants. Plaintiff's argument suggesting the work is not "substantially equivalent" appears to be two-pronged: first, she argues that these part-time shifts were only offered on an ad hoc basis; and secondly, that part-time shifts are not equivalent to 39-hour per week, or full-time work.

Defendants counter that because Plaintiff is going to attempt to collect the difference between what she earned from March 2015 (working just one day per week for Defendants)

through the date of trial, and what she could have earned had she received a 39-hour per week or a full-time position, it is entitled to present evidence that Plaintiff declined to work additional part-time shifts during the relevant time period.

Damages are reduced under Title VII for "interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against." 42 U.S.C. § 2000e–5(g)(1). Whether or not a claimant has met his duty to mitigate damages is a determination of fact. *Booker v. Taylor Milk Co.*, 64 F.3d 860, 864 (3d Cir. 1995). The burden falls on the defendant employer to prove a failure to mitigate by demonstrating that substantially equivalent work was available, and that the claimant did not exercise reasonable diligence to obtain it. *Donlin v. Philips Lighting N. Am. Corp*., 581 F.3d 73, 88–89 (3d Cir. 2009). This burden may be satisfied by proving that: (1) substantially equivalent positions were available; and (2) the plaintiff failed to use reasonable care and diligence in seeking such positions.

Substantially equivalent employment is that employment which affords virtually identical promotional opportunities, compensation, job responsibilities, and status as the position from which the Title VII claimant has been discriminatorily terminated. *Caufield v. Ctr. Area Sch. Dist.*, 133 F. App'x 4, 11-12 (3d Cir. 2005). The reasonableness of a Title VII claimant's diligence should be evaluated in light of the individual characteristics of the claimant and the job market. *Booker* 64 F.3d at 865. Generally, a plaintiff may satisfy the "reasonable diligence" requirement by demonstrating a continuing commitment to be a member of the work force and by remaining ready, willing, and available to accept employment. *Id.*

Based on the above case law and the facts presented in this case, the Court finds that additional part-time shifts Plaintiff declined to work are not "substantially equivalent" to the 39-hour per week or full-time work at issue in this litigation. Therefore, Plaintiff's Motion (ECF

115) is GRANTED.  Accordingly, Defendants may not use Plaintiff's decision to decline the additional part-time shifts as evidence of her failure to mitigate her damages.

2. **Plaintiff's Motion to Preclude Defendants from Offering Evidence or Argument Regarding their Financial Resources (ECF 123)**

Plaintiff believes Defendants Berchtold and Taylor will attempt at time of trial to assert their respective financial resources as a strategy to encourage the jury to reduce the amount only punitive damage award.  Plaintiff argues that permitting any evidence or argument as to their individual financial resources would be inappropriate primarily because the conduct of Defendants Berchtold and Taylor will be covered by a $1,000,000.00 insurance policy.  Plaintiff argues that if Defendants are permitted to present evidence of the individual Defendants' financial resources, then Plaintiff should be permitted to rebut this evidence with evidence of the insurance policy's existence and limits.

Defendants counter by arguing that the insurance policy does not provide coverage for punitive damages, with an exception for acts of terrorism.  Defendants further argue that they should be permitted to present evidence as to the individual Defendant's financial resources.

The two United States Supreme Court decisions of *BMW of North America v. Gore* and *State Farm Mutual Automobile Insurance Co. v. Campbell* provide the analysis for determining the reasonableness of punitive damages.  As a basic element of fairness in our constitutional jurisprudence, "a person is to be given fair notice of not only the conduct that will subject him to punishment, but also the severity of the penalty the state may impose."  *Gore*, 517 U.S. at 574.  The Supreme Court also established three-pronged analysis for measuring the appropriateness of the amount of punitive damages: (1) the degree of reprehensible behavior on the part of the defendant; (2) the disparity between the harm or potential harm suffered by the plaintiff and the

punitive damages awarded; and, (3) the difference between the remedy awarded and the civil penalties authorized or imposed in comparable cases.

Based on the above referenced three-pronged analysis emanating from the Supreme Court, this Court does not believe that the financial resources of the individual Defendants are relevant. Therefore, Plaintiff's Motion to exclude any evidence or argument regarding the individual Defendants' financial resources is GRANTED.

**SO ORDERED, this 28th day of November, 2018.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge


cc: All ECF Registered Counsel of Record