IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIFFANY COOPER,

      Plaintiff,                           17cv1464
                                         ELECTRONICALLY FILED

          v.

CHIPPEWA TOWNSHIP, CLINT
BERCHTOL, AND MARK TAYLOR,

      Defendants.


**ORDER OF COURT**

      Presently before the Court are three Motions.  The first is a Motion in Limine filed by Defendants to preclude Plaintiff from arguing that she was retaliated against by being unfairly disciplined or subject to an adverse employment action.  ECF 168.  The second Motion, also filed by Defendants, is a Motion in Limine to preclude Plaintiff from offering testimony or evidence regarding the circumstances surrounding the resignation of Officer Lutton and the current employment status of Officer Ursida.  ECF 170.  The Third Motion is Plaintiff's Motion to Compel any text messages which relate in any way to Plaintiff, her employment with Chippewa Township, or her administrative suspension.  ECF 174.

      Starting with Defendants' Motion in Limine to Preclude Plaintiff from Arguing she was Retaliated Against (ECF 168), the Court finds that although Plaintiff did not amend her Complaint to provide detailed allegations concerning the recent events culminating in Plaintiff being placed on paid administrative leave, a claim for retaliation was already present in the original Complaint. Therefore, if Plaintiff wants to use newly acquired evidence surrounding her recent placement on paid administrative leave to rebut Defendants' claim that she engaged in misconduct and/or to support her original retaliation claim, the Plaintiff may do so.  To do

1

otherwise would enable Defendant to dictate how Plaintiff can try her case. Accordingly, Defendants' first Motion, ECF 168, will be denied.

Next, Defendants asked this Court to preclude Plaintiff from offering testimony or evidence regarding circumstances surrounding the resignation of Officer Lutton and the current employment status of Officer Ursida. ECF 170. Plaintiff did not object to this Motion and thus, the Court will grant Defendants' Motion, ECF 170, and preclude evidence pertaining to same.

Finally, Plaintiff's Motion to Compel seeking text messages which relate in any way to Plaintiff, her employment with Chippewa Township, or her administrative suspension (ECF 174), will be granted in part and denied in part. Plaintiff's Motion makes it clear that in her recent set of interrogatories, as well as an in interrogatory served on Defendants in March of 2018, she sought documents which referred or related to Plaintiff's employment with the Chippewa Police department. In light of the recent administrative suspension of Plaintiff, this Court allowed for additional discovery, defined "documents" to include emails and text messages, and appointed Bit-x-Bit to serve as a special master to oversee the production of the electronic documentation. The Court further ordered that the additional discovery be limited to documents pertaining to those employees who were similarly situated, related to alcohol consumption, within five-year look back time frame. ECF 158.

In their Response to the Motion to Compel, Defendants noted that the Court's parameters set forth in its Order and the selected search terms yielded 1,768 responsive "files" which Defendant reviewed for relevancy and privilege before turning them over to Plaintiff. ECF 175. Defendant noted that many of the emails were spam, while others related to uniform purchases and other administrative department matters not related to this litigation. Those that were deemed irrelevant were not produced.

Despite the fact that these emails and/or text messages may not have any relevance to the consumption of alcohol by police officers while on duty, the Court will order Defendants to produce any non-privileged documents found within the 1,768 responsive "files" which have not been previously produced to Plaintiff. The Court finds that full disclosure at this juncture is paramount to the relevancy argument in light of the timing of Plaintiff's administrative leave. The Court would further note that because this case is set to be tried on January 28, 2019, the production should take place by 4:00 pm today, January 23, 2019, to afford Plaintiff as much time as possible to review these additional documents.

## ORDER OF COURT

AND NOW, this 23rd day of January, 2019, the Court hereby:

(1) DENIES Defendants' Motion in Limine to preclude Plaintiff from arguing that she was retaliated against by being unfairly disciplined or subject to an adverse employment action, ECF 168;

(2) GRANTS Defendants' Motion in Limine to preclude Plaintiff from offering testimony or evidence regarding circumstances surrounding the resignation of Officer Lutton and the current employment status of Officer Ursida. ECF 170; and

(3) GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Compel (ECF 174) such that Defendants are required to produce all non-privileged documents not previously produced found within the 1,768 responsive files culminated by Bit-x-Bit by 4:00 p.m. today.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties