IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIFFANY COOPER,

        Plaintiff,                         17cv1464
                                          ELECTRONICALLY FILED

        v.

CHIPPEWA TOWNSHIP, CLINT
BERCHTOL, AND MARK TAYLOR,

        Defendants.

## **MEMORANDUM ORDER ON<br>TRIAL TIME ALLOTMENTS**

**I.     Introduction and Background**

This case has a somewhat lengthy procedural history with over 176 docket entries to date since its inception. On November 9, 2017, Plaintiff, a police officer employed by Chippewa Township, filed an action alleging intentional employment discrimination by Defendants under Title VII and pursuant to 42 U.S.C. Section 1983. Following several rounds of Motions to Dismiss, and three Amended Complaints, pending before this Court is Plaintiff's Second Amended Complaint, wherein Plaintiff alleges that Defendants discriminated against her following her return from her first maternity leave/childbirth by reducing her hours and overlooking her for a full-time position and that Defendants retaliated against her for filing this lawsuit.

After providing the parties with advance pretrial rulings on numerous documents (thus eliminating the need for sidebars and recesses during trial), and after carefully considering (1) the Witness Lists and Proffers; (2) the Exhibit Lists; (3) Motions in Limine; (4) Jury Instructions; (5) Voir Dire; (6) and Verdict Slips, at the Final Pretrial Conference of this matter

on January 24, 2019, the Court set a trial time allotment of six (6) hours per side for direct and cross examination of witnesses, with thirty (30) minutes each for opening and closing statements, for a total of fourteen (14) hours of trial time.[1] In addition, the Court heavily considered the Witness Lists and proffers of testimony submitted by the Parties (Plaintiff has listed nine (9) will-call witnesses, including 4 of which are listed as on cross, and Defendants have listed four (4) will-call witnesses), the time needed for comparable civil cases, and due process concerns.

However, after hearing Plaintiff's concern (objection)[2] about the amount of trial time allotted at the Pretrial Conference, the Court will increase the trial time and will now allot seven (7) hours per side for direct and cross-examination, with 30 minutes each for opening and closing statements, for a total of sixteen (16) hours of trial time.

This trial time allotment is more than adequate, and in the experience of this Court, having tried numerous cases to verdict during its time on the bench, this trial time allotment is more than fair. In fact, the Court only recalls one employment discrimination case in sixteen (16) years, which was a legally complex case with more counts and substantially more witnesses, that exceeded the amount of trial time set by the Court in this case.

Simply put, while this case is important to the parties, there is nothing factually or legally unique about this matter which would put it outside the heartland of a typical employment discrimination trial. This Court has presided over countless civil trials during its tenure, and dozens of employment cases. The Court has set the time limits for this case, in accordance with

---

[1] Although the parties were required to file stipulations by November 6, 2018, as of the Pretrial Conference, not one Stipulation of Fact had been filed. In virtually every case, there is room for stipulations about issues that are not key areas of dispute. When the parties stipulate to certain facts, this reduces the amount of trial time required to discuss areas that are not truly in dispute. The Court encouraged counsel to work together on factual stipulations and today, a document containing fifteen (15) Factual Stipulations was filed by the parties. Doc. 185.

[2] Defendants did not express concern or lodge an objection to the trial time assessment by this Court at the Pretrial Conference.

all of the other similarly situated employment cases, and after carefully examining all of the pretrial documents filed in this case. During this Court's years on the bench, the Court has routinely tried every civil case, and many criminal cases, "on the clock." This practice comports with Rule 16(c)(2)(O) of the Federal Rules of Civil Procedure, which specifically states that the Court has the responsibility to establish "a reasonable limit on the time allowed to present evidence."

## II. Legal Standard

The United States Court of Appeals for the Third Circuit has "recognized that a district court may impose limits on the parties' presentation time at trial." *In re Baldwin*, 700 F.3d 122, 129 (3d Cir. 2012) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 610 (3d Cir. 1995)). "A district court should impose time limits . . . after making an informed analysis based on a review of the parties' proposed witness lists and proffered testimony, as well as their estimates of trial time." *Duquesne Light*, 66 F.3d at 611. As previously noted, Rule 16 enunciates that the Court may set reasonable limits on presentation of evidence. F.R.C.P. 16(c)(2)(O).

## III. Discussion

### A. General Principles

This Court finds that imposing time limits "increases the efficiency of the trial from everybody's perspective." *Duquesne Light*, 66 F.3d at 609. As the United States Court of Appeals for the Third Circuit has recognized (quoting District Judge Bertelsman):

> It requires counsel to exercise a discipline of economy choosing between what is important and what is less so. It reduces the incidence of the judge interfering in strategic decisions. It gives a cleaner, crisper, better-tried case. It gives a much lower cost to the clients. Finally, it will save months of our lives.

Id. (quoting United States v. Reaves, 636 F.Supp 1575, 1580 (E.D. Ky. 1986)).  District Courts within this Circuit have recognized the need to limit trial presentations in their local rules. See LR 43.10.

> **B.  Sampling of trial time allotments in other trials in this Court**
>
> **1.  Pelesky v. Rivers Casino**

In an employment discrimination case, which is comparable to this case, the Court set a trial time of four (4) hours per side for direct and cross.  The Court recalls that at least one of the parties did not use their full allotment of trial time.  There were nine (9) witnesses who testified in all.

> **2.  Gerszten v. University of Pittsburgh**

In another employment case that involved more counts and was more legally and factually complex, the Court allotted eleven (11) hours of trial time per side for direct and cross (upon motion for reconsideration), and from the Court's recollection, the parties did not use the full trial time allotted.  There were twenty-three (23) witnesses who testified in all.

> **3.  Buller v. PPG**

In another similar employment discrimination case, the Court set a trial time of seven (7) hours per side for direct and cross.  That case involved the testimony of fourteen (14) witnesses. The Court does not specifically recall if the parties used less than their allotted trial time, but there was no Motion to Reconsider filed.

> **4.  DeCanio v. Norfolk Southern Railway Company**

In yet another similar employment discrimination case, the Court set a trial time of six (6) hours per side for direct and cross.  There were fourteen (14) witnesses in all and the parties did not exceed their allotted trial time.

### 5. Univ. of Pittsburgh v. Varian Med. Sys., Inc.

This Court allocated Plaintiff eighteen (18) hours and Defendant twenty (20) hours to present evidence in a trifurcated patent trial in which Plaintiff sought over $200 million in damages. (*Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, Civ. No. 08-1307, actual jury verdict of $36.8 million). Counsel was able to present all witnesses and evidence within the allotted time. The Court believes that the Varian case was far more complex, and had far more evidence, than the case at bar.

### 6. In Re Baldwin

After filing a Writ of Mandamus on the trial time limits set by this Court, in *In Re Baldwin*, 700 F.3d 122 (3d Cir. 2012), the United States Court of Appeals for the Third Circuit denied the Mandamus Petition and found that the practice of setting trial time limits is appropriate so long as the court "makes an informed analysis based on a review of the parties' proposed witness lists and proffered testimony" and "allocates trial time evenhandedly." Id at 129. As directed by the United States Court of Appeals for the Third Circuit, this Court undertook a review of the case in order to allow for an informed decision on an appropriate time limitation. After carefully deliberating, this Court allotted twelve (12) hours to Plaintiff to present evidence (direct, cross, and rebuttal), and fifteen (15) hours to Defendants to present evidence (direct, cross, and rebuttal). The Court further stated that it would reconsider these limits during trial if warranted. At the conclusion of the trial, the parties did not use all of their allotted time. This case involved many parties and was more legally and factually complex than the present case.

### 7. United States v. Lynch

In a criminal tax fraud trial containing a twenty-eight (28) count indictment, the Court set

a trial time limit of fifteen (15) hours, which was increased to twenty (20) hours during trial (based upon the repeated requests of Defense counsel), Defendant in fact only used six and a half (6 ½) hours of trial time.

**C. Advanced Rulings, Courtroom Technology, Stipulations, Exhibits, Witnesses**

**1. Advanced Rulings**

Although the United States Court of Appeals for the Third Circuit "believe[s] that courts have discretion to impose limits on a party's trial presentation without the necessity of ruling specifically on 'each particular item of evidence offered,'" this Court has specifically ruled on "each particular item of evidence [that will be] offered," in the instant matter. *Duquesne Light, 66 F.3d at 609* (*quoting SCM Corp. v. Xerox Corp.*, 77 F.R.D. 10, 13 (D. Conn. 1977)). Thus, the parties (and the Court) know exactly what evidence may be presented at trial.

During the course of trial, counsel will not have to mark an exhibit, present it to a witness for identification, move it into evidence, and then have argument thereon. Instead, at the beginning of Plaintiff's case-in-chief, all of Plaintiff's exhibits, which the Court has ruled admissible, will be moved into evidence *en masse*. The same will happen at the beginning of the Defendants' case-in-chief. The Court has given advanced rulings on Motions in Limine, Voir Dire, Preliminary Jury Instructions, Final Jury Instructions, and the Verdict Slip. No remaining pretrial decisions remain (with the exception of ruling on Final Jury Instructions objections).

**2. Courtroom Technology**

The United States District Court for the Western District of Pennsylvania has made substantial investments in courtroom technology in order to allow for the efficient presentation of evidence. The Court's standard Pretrial Order, which was utilized in this case, requires that the parties fully utilize this courtroom technology. All exhibits must be shown to the jury

electronically using trial presentation software. This procedure eliminates the need for counsel to furnish a copy of an exhibit to the jury, wait for each juror to read the document, and then continue examining a witness. When combined, the Court's experience is that providing the parties with rulings on (almost) all evidentiary matters prior to trial and using the courtroom technology, shortens the time required for trial by approximately 30-40%. Jurors who have heard cases in an "electronic" courtroom after having previously heard a case in a "paper" courtroom have remarked that the electronic presentation of evidence was very beneficial to the efficiency of the trial and the quality of counsels' presentations.

### 3. Stipulations of Fact

In addition to advance rulings and courtroom technology, which will shorten the time necessary for trial, the Court has encouraged counsel to meet and agree on Stipulations of Fact. This procedure reduces the amount of time necessary for trial because instead of focusing on undisputed issues, the trial will only be focused on disputed facts. The parties have now filed Stipulations, therefore streamlining the testimony.

### 4. Exhibits

In comparison to many other trials, this trial is not a document intensive case. The parties have submitted nine (9) Joint Exhibits, Plaintiff has submitted twenty-nine (29) Exhibits, and Defendants have submitted ten (10) Exhibits for a total of forty-eight (48) Exhibits, which are all contained within one binder. The Court has ruled on all objections to the Exhibits.

### 5. Witnesses

The parties' Witness Lists include 14 named "will call" witnesses. Of those named

witnesses, 4 are listed by both Plaintiff and Defendants. The overlap in the witness proffers for these witnesses is substantial. The parties are of course permitted to call witnesses, but overlapping/duplicative testimony is unhelpful to the jury. The Court's time limits account for witnesses' streamlined testimony.

### IV. Conclusion

Since January of 2003, this Court has tried every civil case and numerous criminal cases "on the clock." The time limits imposed by the Court, coupled with mandating that Parties use the courtroom technology which allows the Parties to more efficiently present documentary evidence to the Jury, and the Court's diligence in working with the Parties to resolve as many evidentiary and legal issues prior to trial as possible, have resulted in cleaner, crisper, and better advocated cases. There is nothing unique or complex about the case that would warrant the Court abandoning its proven practice of setting time limits for the presentation of evidence. The Court carefully reviewed the Exhibits and Witness Proffers prior to setting time limits in this case. Although the Parties originally failed to stipulate to a single fact, a review of the evidence shows that many facts in this case are not in dispute.

The failure of litigants to ensure that jurors are not subjected to duplicative and needless testimony diminishes the quality of trials and is unfair to the civilian-jurors who receive minimal compensation for their valuable service. *See United States v. Warner*, 506 F.3d 517, 524 (7th Cir. 2007)(citing Gordon Van Kessel, *Adversary Excesses in the American Criminal Trial*, 67 Notre Dame L.Rev. 403, 478-79 (1992)) ("Exceedingly lengthy trials lead to reduced concentration and recollection of events on the part of all participants, particularly witnesses and jurors. In very long cases, exhaustion may diminish everyone's performance.").

This Court has undertaken a detailed review of the evidence that will be presented at trial.

The Court has also taken into account its own experience, and the experience of other Judges in this District, when considering the time limits to be imposed. After carefully weighing all of this information, the Court will increase the trial time and will now allot 30 minutes per side to open and close, and 7 hours per side to present evidence (direct, cross, and rebuttal) for a total of 16 hours of trial time. In conclusion, this trial time allotment accounts for the presentation of exhibits and witnesses in a just, yet efficient, manner.

SO ORDERED this 25th day of January, 2019

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge