IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIFFANY COOPER,

      Plaintiff,                         17cv1464
                                           ELECTRONICALLY FILED
          v.

CHIPPEWA TOWNSHIP, CLINT
BERCHTOL, AND MARK TAYLOR,

      Defendants.

**ORDER OF COURT**

Before the Court are various objections filed by the parties to the Court's draft Final Jury Instructions. The Court will now address these objections.

**Defendants' Objection**

Defendants' sole objection to the Court's draft Final Jury Instructions was to request certain language found within the section entitled, "Elements of a Title VII Claim – Retaliation" be replaced with different language. [ECF 183](). Specifically, Defendants sought to remove the language "participation in this litigation," and replace it with the language "testifying truthfully under oath in connection with the within lawsuit." Id. Defendants' argument was somewhat persuasive in that they noted the verdict form, which had been jointly proposed, contained the language "testifying truthfully under oath" and that Plaintiff had used this phrase in her Complaint. Id.

That said, the Court finds that the language now being proposed by Plaintiff is simpler; and although it is different verbiage, the overall meaning is the same. The Court will, therefore, overrule Defendants' objection, thereby retaining the "participation in this litigation," language that is found in the draft of the Final Jury Instructions. However, the Court concurs with

Defendants that the verdict form should contain the same verbiage and, thus, the Court will amend the verdict form at question number "2." to also state "participation in this litigation."

**Plaintiff's Objections**

Plaintiff's first three objections set forth (relating to pages 16:12, 17:2, and 17:4-5), as well as objection 11, 12, 13 (relating to pages 22:15, 23:8, and 23:3), all relate to the Court's use of the word "and" in sentences relating to determinative factor. Plaintiff contends that the use of the word "and" implies that Plaintiff must prove that every adverse employment action was discriminatory. She contends that she can prevail on her claims if any of the adverse employment actions were discriminatory. In addition, Plaintiff suggests that the instruction as written gives the impression that her pregnancy/childbirth was a determinative factor in every decision, and Plaintiff argues that she must only prove that it was a determinative factor in one of the decisions. The Court SUSTAINS these objections and revise the language at the aforementioned page numbers.

Next, in objections 4, 5, 6, 7, and 8 Plaintiff objected to a typo at page 19:6, as well as various typos at pages 20:16, 21:3, 21:8, 21:12, 21-2. Those objections are SUSTAINED, and the Court will re-work the language.

In objection 10, Plaintiff objected to the inclusion of an "under color of state law" instruction, and explained that this instruction no longer was required because Plaintiff withdrew her claim Section 1983 claims against Chippewa Township. Accordingly, the Court SUSTAINS this objection and will eliminate the instruction.

In objection 14, Plaintiff objects to the statement at page 26:2 noting that the Clint Berchtold should also be included in the statement. The Court SUSTAINS this objection in part and will modify the statement to read "Defendants."

In objection 15, Plaintiff objects to language at page 26:2, wherein she argues that the use of the word "and" requires her to prove that both Individual Defendants retaliated against her. She contends that she only needs to prove one of them did so. The Court agrees with Plaintiff and SUSTAINS this objection and will change the "and" to an "or."

In objection 16, Plaintiff contends that the placement of the "Pregnancy and Childbirth" instructions found on page 28, should be placed in a different location. The Court placed these specific instructions where the Parties originally suggested in their joint jury instructions (see [ECF 104](ECF 104)). In addition, Plaintiff also contends that the Court should eliminate the reference to the Pregnancy Discrimination Act because there is no instruction explaining the Act, and Plaintiff has concerns that his could cause jury confusion. The Court will SUSTAIN this objection such that it will relocate the instruction, and will eliminate the Pregnancy Discrimination Act reference in the instruction.

In objection 17, Plaintiff objects to language at page 28:15 and argues the phrase "determinative factor" should be replaced with the phrase "motivating factor." The Court concurs that *Doe v. CA.R.S. Protection Plus,* 527 F.2d 358, 364 (3d Cir. 2008), controls this issue and thus, the Court SUSTAINS Plaintiff's objection and will modify the instruction to read "motivating factor."

Next, in objection 29, Plaintiff objects to the fact that only Chippewa Township is mentioned in the compensatory damages instruction at pages 29-32, and contends that because there is "no separate § 1983 damages instruction," this damages instruction should include Chippewa Township and the two Individual Defendants. The Court SUSTAINS this objection.

The final objection raised by Plaintiff references the Court's instructions at page 37:3-9. Plaintiff argues that, based on the Court's prior rulings (see [ECF 131](ECF 131)), any reference to the

Individual Defendants' financial resources should be eliminated from the instructions.  The Court previously precluded Defendants from presenting evidence as to the two Individual Defendants' financial resources, so the Court will SUSTAIN this objection.

A revised version of the Final Jury Instructions will be docketed to incorporate the Court's aforementioned rulings.

**SO ORDERED, this 28th day of January, 2019.**

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties