IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIFFANY COOPER,

    Plaintiff,

v.

CHIPPEWA TOWNSHIP, CLINT
BERCHTOL, AND MARK TAYLOR,

    Defendants.

17cv1464
ELECTRONICALLY FILED

**OPINION OF THE COURT RELATING TO OBJECTIONS RAISED BY COUNSEL TO FINAL JURY INSTRUCTIONS**

Although there were several objections raised by counsel for the Parties as to the Final Jury Instructions, the Court will address one of those objections, as follows:

**Plaintiff's objection to the Court's use of the phrase "determinative factor" relating to her Title VII and her Section 1983 discrimination claims**

Plaintiff argued on more than one occasion that the phrase "motivating factor" should be used throughout the final jury instructions. Defendants disagreed, arguing that "determinative factor" was the proper standard. This Court originally adopted Defendants' position (ECF 180), but Plaintiff filed objections (ECF 184) urging the Court to use the phrase "motivating factor" in accordance with the United States Court of Appeals for the Third Circuit in *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358 (3d Cir. 2008), *order clarified*, 543 F.3d 178 (3d Cir. 2008). The Court had relied upon *Doe v. C.A.R.S* for other points of law.

The Court sustained Plaintiff's objection to the phrase "determinative factor" and agreed to replace it with "motivating factor." ECF 192. However, upon further reflection, the Court deemed the phrase "determinative factor" to be the proper standard of proof, for the reasons explained in greater detail below. In delivering its final instructions to the jury (ECF 209), the

Court used the phrase "determinative factor" to describe plaintiff's burden as to her Title VII and her Section 1983 discrimination claims, as well as her Title VII retaliation claim. This was done in accordance with the Third Circuit Model Civil Jury Instruction numbers 5.1.2, 5.1.7, and 7.2. On the other hand, the Court determined that the phrase "motivating factor" should be used throughout the charge as to Plaintiff's Section 1983 retaliation claim, in accordance with the Third Circuit Model Civil Jury Instruction number 7.4.

In reaching this conclusion, the Court considered all arguments raised by both counsel for Plaintiff and Defendants during the various intervals over the course of this matter. The Court also predicated its final decision to charge the jury as it did on several other bases.

First, the Court noted that Plaintiff relied upon case law in her pursuit of the "motivating factor" language – specifically, *Doe v. C.A.R.S.* and *Equal Employment Opportunity Comm'n v. Bob Evans Farms, LLC*, 275 F. Supp. 3d 635, 650 (W.D. Pa. 2017). But these cases were decided prior to the most updated version of the Third Circuit Model Civil Jury Instructions. The Third Circuit Model Civil Jury Instructions were most recently revised in 2018. The Court relied on these Third Circuit Model Civil Jury Instructions to determine when "determinative factor" and "motivating factor" were appropriate burden of proof instructions to provide.

Second, this case was based on pretext – not mixed motive. There were two pretext claims advanced by Plaintiff – one under Title VII and one under Section 1983. The Third Circuit Model Civil Jury Instruction 5.1.2, which sets forth the elements of a Title VII pretext claim notes as follows:

> To prevail on this claim, [plaintiff] must prove both of the following by a preponderance of the evidence:
>
> First: [Defendant] [failed to hire [plaintiff]] [failed to renew [plaintiff's] employment arrangement] [failed to promote [plaintiff]] [demoted [plaintiff]] [terminated [plaintiff]] [constructively discharged [plaintiff]] [or

2

> otherwise discriminated against [plaintiff] in a serious and tangible way with respect to [plaintiff's] compensation, terms, conditions, or [privileges of employment]; and
>
> Second: [Plaintiff's] [protected status] was a determinative factor in [defendant's] decision.

Third Circuit Model Civil Jury Instruction 5.1.2, *rev*. Oct. 2018 (footnote omitted). Similarly, the model instruction for a Section 1893 pretext claim reads, in pertinent part, as follows:

> To prevail on this claim, [plaintiff] must prove both of the following by a preponderance of the evidence:
>
> First: [Defendant] [failed to hire [plaintiff]] [failed to renew [plaintiff's] employment arrangement] [failed to promote [plaintiff]] [demoted [plaintiff]] [terminated [plaintiff]] [constructively discharged [plaintiff]]; and
>
> Second: [Plaintiff's] [protected status] was a determinative factor in [defendant's] decision.

Third Circuit Model Civil Jury Instruction 7.2, *rev*. Oct. 2018 (footnote omitted). In both instances, the phrase "determinative factor" is used to explain the Plaintiff's burden.

Third, the commentary to the Title VII's pretext claim model instruction also notes the following:

> The reference in these opinions to "a motivating or determinative cause" seems to indicate that the two terms are interchangeable. But they are not, because a factor might "motivate" conduct and yet not be the "determinative" cause of the conduct — proof that the factor was determinative is thus a more difficult burden. The very distinction between pretext and mixed-motive cases is that in the former the plaintiff must show that discrimination is the "determinative" factor for the job action, while in the latter the plaintiff need only prove that discrimination is a "motivating" (*i.e.,* one among others) factor. *See, e.g., Stackhouse v. Pennsylvania State Police*, 2006 WL 141 680871 at *4 (M.D. Pa. 2006) ("Whether a case is classified as one of pretext or mixed-motive has important consequences on the burden that a plaintiff has at trial, and hence on the instructions given to the jury"; "determinative factor" analysis applies to the former and "motivating factor" analysis applies to the latter) (citing *Watson v. SEPTA*, 207 F.3d 207, 214-15 & n.5 (3d Cir.

2000)). Accordingly, the instruction on pretext follows the standards set forth in *Doe*, *Fuentes*, and *Burton*, with the exception that it uses only the term "determinative" and not the term "motivating."

Third Circuit Model Civil Jury Instruction 5.1.2,, *rev.* Oct. 2018, Commentary 134-146. Thus, the Court noted that the Third Circuit Model Civil Jury Instructions had considered *Doe* and its progeny, but still interjected the phrase "determinative factor" into the Title VII pretext instruction.

Finally, on the other hand, the Court did use the phrase "motivating factor" with respect to its final jury instruction when charging the jury on Plaintiff's Section 1983 retaliation claim. Again, this Court relied on the model jury instruction for guidance. The Third Circuit Model Civil Jury Instruction reads in relevant part:

> In order for [plaintiff] to recover on this claim against [defendant], [plaintiff] must prove 8 both of the following by a preponderance of the evidence:
>
> First: [Defendant] [failed to promote] [terminated] [constructively discharged] [plaintiff]; and
>
> Second: [Plaintiff's] protected activity was a motivating factor in [defendant's] decision.

Third Circuit Model Civil Jury Instruction 7.4, *rev*. Oct. 2018 (footnote omitted). Accordingly, this Court properly advised the jury on the three claims where "determining factor" was the appropriate standard, as well as the one claim where "motivating factor" was the appropriate standard.

        **SO ORDERED, this 6th day of February, 2019.**

        s/Arthur J. Schwab
        Arthur J. Schwab
        United States District Judge

cc: All Registered ECF Counsel and Parties